UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

LA GORCE PALACE CONDOMINIUM
ASSOCIATION, INC., a Florida corporation,

    Plaintiff,
V.

QBE INSURANCE CORPORATION,
a foreign corporation,

    Defendant.
_____/

FILED by ___ D.C.
JAN 2 8 2010
STEVEN M. LARIMORE
CLERK U. S. DIST. CT
S. D. of FLA. – MIAMI

## COMPLAINT

Plaintiff, LA GORCE PALACE CONDOMINIUM ASSOCIATION, INC. ("LA GORCE"), by and through its undersigned counsel, hereby files this Complaint against the Defendant, QBE INSURANCE CORPORATION ("QBE"), and in support thereof, states:

### GENERAL ALLEGATIONS

1. This is an action to compel an appraisal of Hurricane Wilma damages and for entry of a judgment enforcing any resulting appraisal award. In the alternative, PLAINTIFF is seeking entry of a declaratory judgment, including supplemental relief, specific performance in compelling appraisal process, breach of contract (actual cash value), and breach of contract (replacement cost value), seeking judgment for damages in excess of $75,000.00, exclusive of interest, costs and attorneys' fees.

2. Pursuant to 28 U.S.C. §1332, this Court has subject matter jurisdiction because the amount in controversy exceeds $75,000.00, exclusive of interest, costs and attorneys' fees, and there is complete diversity of citizenship between the parties.

3. At all material times, LA GORCE has been and remains a corporation organized and existing under the laws of the State of Florida, and was and is authorized to do, and is doing, business in Miami-Dade County, Florida.

4. At all material times, QBE was and is a foreign corporation and insurance carrier that is authorized by the State of Florida pursuant to a letter of eligibility to transact insurance and that is transacting insurance in Miami-Dade County, Florida and throughout Florida.

5. LA GORCE is the condominium association organized to operate a multi-story, high rise building located on Miami Beach, Florida. The building consists of approximately 204 condominium units and other improvements (the "Building").

6. QBE offered to provide property and casualty insurance coverage (inclusive of, without limitation, windstorm insurance) to LA GORCE on the Building for the twelve (12) month period commencing November 20, 2004, in consideration for a premium to be paid by LA GORCE. It accepted such offer and paid the Premium to QBE.

7. QBE issued Insurance Policy No. QF3255-04, which provided commercial lines residential coverage to LA GORCE for the twelve (12) month period commencing November 20, 2004. True and correct copies of the declaration pages and insurance policy provided to LA GORCE are attached as **Composite Exhibit "A"** (the "Insurance Contract").

8. The intent and purpose of the Insurance Contract is to provide, without limitation, commercial lines residential coverage to its named insured, LA GORCE, for the twelve (12) month period commencing November 20, 2004.

9. On or about October 24, 2005, Hurricane Wilma struck South Florida. It entered the State at a point south of Naples as a Category 3 Hurricane and exited on Florida's east coast as a Category 2 Hurricane. Its wind speeds significantly exceeded 100 miles per hour and it caused significant damage to many structures, including, without limitation, the Building. See copy of brief description of the history of Hurricane Wilma published by the National Hurricane Center attached in **Exhibit "B"**.

10. LA GORCE promptly reported the loss associated with Wilma, and made a claim on the Insurance Contract to QBE.

11. QBE accepted the claim, but denied payment, asserting that the damages sustained by LA

GORCE on the Building did not exceed the amount of the applicable deductible under the Insurance Contract.

12. LA GORCE has complied with its obligations under the Insurance Contract.

13. LA GORCE met with the representatives of QBE, along with the Public Adjuster, i.e., Frank Inguanzo of Epic Adjusters, Inc., hired by LA GORCE to assist it in causing QBE to adjust the claim in good faith. Mr. Inguanzo has attempted to cause QBE to meet and adjust the claim in good faith, all to no avail.

14. To date, more than four years after Hurricane Wilma, QBE has failed to provide LA GORCE with any fair, well reasoned and investigated, and accurate estimate of damages to the Building from Wilma; instead, it has taken the position that the claim does not exceed the deductible, has recently set and then reset (at the request of LA GORCE) some belated examinations under oath, has failed to adjust, pay or settle LA GORCE's claim, and/or even deny coverage for LA GORCE's hurricane damage claims, despite its obligations to do so under Chapter 627.70131, *Florida Statutes,* and the Insurance Contract. LA GORCE provided QBE with a proof of loss that indicated the amount of the loss had not yet been determined and requested that QBE meet with Mr. Inguanzo to adjust the claim and assess the damages. QBE caused its site adjuster to meet once with Mr. Inguanzo at the Building and nothing came of that meeting, despite several attempts at obtaining a fair adjustment of the losses by Mr. Inguanzo. LA GORCE recently obtained the report of its own engineers, Pistorino & Alam, estimating some of the damages and has recently provided a new Proof of Loss, identifying the damages as not less than $4,310,430.85. Attached as **Exhibit "C"** is a true and correct copy of such report.

15. Venue lies in the Southern District of Florida because, among other things, the Insurance Contract was entered into and provides insurance coverage for residential property in Miami-Dade County, Florida.

16. All conditions precedent to the filing of this action have occurred and/or have been waived. LA GORCE has demanded and is seeking an appraisal of the damages caused by Hurricane

Wilma. Attached as **Exhibit "D"** is a true and correct copy of such demand for appraisal. Plaintiff is seeking to compel the appraisal and, thereafter, for this Court to enforce the terms of the appraisal award and, in the alternative, for declaratory and supplemental relief.

In light of the foregoing, Plaintiff pleads in the alternative as follows and without waiving its demand for an appraisal of the damages caused by Hurricane Wilma to the Building and covered by the Insurance Contract:

### Count I- Specific Performance-Petition to Compel Appraisal

17.     This is an action by LA GORCE against QBE for specific performance in compelling QBE to participate in and attend appraisal pursuant to the terms of the Insurance Contract and to abide by the terms of any resulting award in appraisal.

18.     LA GORCE realleges and reavers the allegations contained in paragraphs 1 through 16.

19.     The Insurance Contract sets forth the rights and obligations of QBE to LA GORCE with respect to appraisal, including, without limitation, the following pertinent terms and conditions:

> "**E. Loss Conditions**
>
> > The following conditions apply in addition to the Common Policy Conditions and the Commercial Property Conditions.
> >
> > **2. Appraisal**
> >
> > If we and you disagree on the value of the property or the amount of Loss, either may make written demand for an appraisal of the loss. In this event, each party will select a competent and impartial appraiser. The two appraisers will select an umpire. If they cannot agree, either may request that a selection be made by a judge of a court having jurisdiction. The appraisers will state separately the value of the property and the amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will:
> >
> > > **a.**  Pay its chosen appraiser; and
> > >
> > > **b.**  Bear the other expenses of the appraisal and umpire equally.
> >
> > If there is an appraisal, we will still retain our right to deny the claim.

30.     Pursuant to the Insurance Contract, QBE agree to submit to appraisal in the event that the parties fail to agree on the amount of loss or damage claimed.

31.     Because of the failure of QBE cover, fairly assess, and pay the Wilma loss sustained by LA GORCE, it became necessary for LA GORCE to obtain the services of the undersigned attorneys to bring this action and LA GORCE has obligated itself to pay said attorneys reasonable attorney's fees plus all costs associated with bringing this action. Pursuant to Fla. Stat. § 627.428, LA GORCE is entitled to recover its attorney's fees and costs should LA GORCE prevail in obtaining the selection or appointment of an appraiser by the Court as mandated by the Insurance Contract.

WHEREFORE, Plaintiff, LA GORCE, respectfully requests that this Court enter an order:

    A.    Directing QBE to name an appraiser;

    B.    Compel appraisal as per the policy conditions;

    C.    Award LA GORCE its attorney's fees, costs and expenses incurred as a result of the QBE's conduct;

    D.    Award pre-judgment and post judgment interest as provided for by law; and

    E.    Grant such other and further relief as this Court deems just and proper.

## COUNT II- DECLARATORY JUDGMENT

32.     This is an action being filed in the alternative by LA GORCE against QBE for a declaratory judgment and supplemental relief, the subject matter of which exceeds $75,000 exclusive of interest, costs, and attorneys' fees, pursuant to Chapter 86, *Florida Statutes.*

33.     LA GORCE re-alleges and reavers the allegations contained in paragraphs 1 through 16.

34.     LA GORCE seeks a declaratory judgment: (a) that the Insurance Contract is valid and enforceable; (b) that pursuant to the terms and conditions of the Insurance Contract, LA GORCE has a valid and enforceable right to coverage, and to a determination of the total amount of all damages LA GORCE sustained from Hurricane Wilma notwithstanding QBE's failure to timely adjust, pay and/or settle LA GORCE's claim; and (c) a declaration that the Insurance Contract fails to comply with Section

627.701(1)(a-b), *Florida Statutes* and 627.701(4)(a), *Florida Statutes;* therefore, the provision concerning co-insurance and a separate hurricane deductible are void and unenforceable.

35. QBE's actions have raised doubt and insecurity in LA GORCE regarding: the validity, enforceability and scope of the Insurance Contract; QBE's duty to timely adjust, pay and/or settle LA GORCE's claims; LA GORCE's right to coverage for damages to its cooperative property that sustained damage from Hurricane Wilma; and the validity and enforceability of the co-insurance and separate hurricane deductible provisions of the Insurance Contract.

36. Paragraphs E(4)(a) and G(3)(c) of the Insurance Contract and Section 627.70131, *Florida Statutes,* require QBE to timely adjust, pay and/or settle LA GORCE's claims for the damages it sustained from Hurricane Wilma. QBE has failed to adjust, pay and/or settle LA GORCE's claims. LA GORCE is entitled to a declaratory judgment that the Insurance Contract and Florida Law requires QBE to timely adjust, pay and/or settle LA GORCE's hurricane damage claims.

37. The Insurance Contract fails to comply with Section 627.701, *Florida Statutes* because the face of the Insurance Contract does not contain a co-insurance notice as required. Further, the face of the Insurance Contract fails to contain a separate hurricane deductible notice as required and/or fails to comply with the wording and bold faced type size requirements set forth in Section 627.701, *Florida Statutes.*

38. LA GORCE is entitled to a declaratory judgment that the co-insurance and separate hurricane deductible provisions of the Insurance Contract are void and unenforceable because the Insurance Contract does not comply with the requirements set forth in Section 627.701(1)(a-b), *Florida Statutes* and 627.701 (4)(a), *Florida Statutes.*

39. LA GORCE's rights regarding: the validity and enforceability of the Insurance Contract; QBE's duty to determine the full amount of LA GORCE's losses and damages from Hurricane Wilma and to adjust, pay and/or settle LA GORCE's claims for losses and damages from Hurricane Wilma; and

the Insurance Contract's failure to comply with Section 627.701(1)(a-b) and Section 627.701(4)(a), *Florida Statute,* are dependent upon the facts set forth herein or the law applicable to those facts.

40. LA GORCE and QBE have present, actual, adverse and antagonistic interests in the validity and enforceability of the Insurance Contract, and QBE's duty to timely adjust, pay and/or settle LA GORCE's claims for losses and damages from Hurricane Wilma; the coverage provided by the Insurance Contract; and the validity and enforceability of the co-insurance and separate hurricane deductable provision of the Insurance Contract.

41. LA GORCE and QBE's adverse and antagonistic interests are before this Court by proper process. The relief LA GORCE seeks is not the mere rendering of legal advice.

42. LA GORCE has a *bonafide,* present and practical need for a declaration of its rights under the Insurance Contract.

43. LA GORCE has retained the undersigned attorneys to represent it in this action and is required to pay them a reasonable fee for their services.

44. LA GORCE has retained undersigned counsel to represent its interests in connection with this litigation and attempting to cause QBE to abide by the terms of the Insurance Contract and is entitled to recover its reasonable attorneys' fees pursuant to Section 627.428, *Florida Statutes,* which provides in pertinent part:

> Upon the rendition of a judgment or decree by any of the Courts of this state against an insurer and in favor of any named or omnibus insured or the named beneficiary under a policy or contract executed by the insurer, the trial court or, in the event of an appeal in which the insured or beneficiary prevails, the appellate court shall adjudge or decree against the insurer and in favor of the insured or beneficiary a reasonable sum as fees or compensation for the insured's or beneficiary's attorney prosecuting the suit in which the recovery is had.

WHEREFORE, LA GORCE requests that the Court enter a declaratory judgment (a) that the Insurance Contract is valid and enforceable; (b) that pursuant to the terms and conditions of the Insurance

Contract, LA GORCE has a valid and enforceable right to coverage and a determination of the total amount of all of the damages LA GORCE sustained from Hurricane Wilma notwithstanding QBE's failure to timely adjust, pay and/or settle LA GORCE's claim; (c) that the Insurance Contract fails to comply with Section 627.701 (4)(a), *Florida Statutes,* therefore the provisions concerning co-insurance and a separate hurricane deductible are void and unenforceable; and (d) award LA GORCE its reasonable attorneys' fees pursuant to Section 627.428, *Florida Statutes,* together with taxable costs, prejudgment interest and any other and further relief that the Court deems just, equitable and proper.

## COUNT III- BREACH OF CONTRACT
(Actual Cash Value)

45. This is an action in the alternative by La GORCE against QBE for damages for breach of the Insurance Contract (actual cash value) which exceeds $75,000 exclusive of interest, costs, and attorney's fees.

46. LA GORCE realleges and reavers the allegation contained in paragraphs 1 through 16.

47. The Insurance Contract sets forth the rights and obligations of QBE to LA GORCE with respect to its claim, including among other things, the following pertinent terms and conditions:

E(4)(a).

> **We will determine** the value of lost or damaged property, or the cost of its repair or replacement, in accordance with the applicable terms of the Valuation Condition in this Coverage Form or any applicable provision which amends or supersedes the Valuation Condition.
> \*   \*   \*

G(3)(c). You may make a claim for loss or damage covered by this insurance on an actual cash value basis instead of on a replacement cost basis. In the event you elect to have loss or damage settled on actual cash value basis, you may still make a claim for the additional coverage this Optional Coverage provides...

See Composite **Exhibit "A"**.

48. Pursuant to the terms of the Insurance Contract, La GORCE has a right to property

coverage for loss or damages caused by Hurricane Wilma.

49. In or about October, 2005, and at other times following Hurricane Wilma, La GORCE made a claim to QBE for the losses and damage caused from Hurricane Wilma and has requested to be paid the actual cash value for its loss and damages, as provided by the Insurance Contract.

50. Notwithstanding LA GORCE's claim, QBE has not determined the value of the lost or damaged property and has not paid La GORCE any part of the actual cash value due under the Insurance Contract.

51. QBE materially breached the Insurance Contract by failing to fairly and in good faith adjust LA GORCE's claim and determine the value of its lost or damaged property and by failing to pay LA GORCE the actual cash value of the lost or damaged property.

52. QBE further breached the Insurance Contract by failing to adjust, pay and/or settle LA GORCE's actual cash value claim and in so doing, frustrated LA GORCE's ability to make the repairs to La GORCE necessitated by Hurricane Wilma.

53. As a direct result of QBE's breach of the Insurance Contract, LA GORCE has suffered monetary damages in the millions. LA GORCE has also suffered special damages, including, without limitation, the cost of temporary repairs, additional operating expenses, and the loss of value of the Building.

54. LA GORCE has retained the undersigned attorneys to represent it in this action and is required to pay them a reasonable fee for their services.

55. LA GORCE is entitled to recover its reasonable attorney's fees pursuant to Section 627.428, *Florida Statutes,* which provides in pertinent part:

> Upon the rendition of a judgment or decree by any of the Courts of this state against an insurer and in favor of any named or omnibus insured or the named beneficiary under a policy or contract executed by the insurer, the trial court or, in the event of an appeal in which the insured or

beneficiary prevails, the appellate court shall adjudge or decree against the insurer and in favor of the insured or beneficiary a reasonable sum as fees or compensation for the insured's or beneficiary's attorney prosecuting the suit in which the recovery is had.

56. LA GORCE is further entitled to recover prejudgment interest pursuant to Section 627.70131, *Florida Statutes.*

WHEREFORE, LA GORCE demands judgment against QBE for compensatory damages and special damages, together with interest, costs and attorney's fees under **Section 627.428**, *Florida Statutes* and other such relief as this Court deems just, equitable and proper.

## COUNT IV BREACH OF CONTRACT
(Replacement Cost Value)

57. This is an action in the alternative by LA GORCE against QBE for damages for breach of the Insurance Contract (replacement cost value) which exceeds $75,000 exclusive of interest, costs, and attorneys' fees.

58. LA GORCE realleges and reavers the allegations contained in paragraphs 1 through 16.

59. The Insurance Contract sets forth the rights and obligations of QBE to LA GORCE with respect to its claim, including among other things, the following pertinent terms and conditions:

E(4)(a). We will determine the value of lost or damaged property, or the cost of its repair or replacement, in accordance with the applicable terms of the Valuation Condition in this Coverage Form or any applicable provision which amends or supersedes the Valuation Condition.
\*   \*   \*

G(3)(c). You may make a claim for loss or damage covered by this insurance on an actual cash value basis instead of on a replacement cost basis. In the event you elect to have loss or damage settled on actual cash value basis, you may still make a claim for the additional coverage this Optional Coverage provides...

See Composite **Exhibit "A"**.

60. Pursuant to the terms of the Insurance Contract, LA GORCE has a right to property coverage for loss or damages caused by Hurricane Wilma.

61. In or about October, 2005, and at other times following Hurricane Wilma, LA GORCE made a claim to QBE for the losses and damage caused from Hurricane Wilma and has requested to be paid a fair and good faith amount for its loss and damages, as provided by the Insurance Contract.

62. Notwithstanding LA GORCE's notifications, QBE has not determined the actual cash value or the replacement cost value of the lost or damaged property to be less than the applicable deductible, and has not paid LA GORCE any part of the actual cash value or the replacement cost value.

63. QBE breached the Insurance Contract, and is continuing to do so by failing to fairly and in good faith adjust, pay and/or settle LA GORCE's actual cash value or replacement value claim and, in so doing, has frustrated LA GORCE's ability to make the permanent repairs necessary for LA GORCE to receive reimbursement of its claim on a replacement cost basis, which constitutes yet another breach of the Insurance Contract.

64. As a direct and proximate result of QBE's breaches of the Insurance Contract, LA GORCE has suffered millions of dollars in damages. LA GORCE has also suffered special damages, including, without limitation, the cost of temporary repairs, additional operating expenses, and the loss of value of the Building.

65. La GORCE has retained the undersigned attorneys to represent it in this action and is required to pay them a reasonable fee for their services.

66. LA GORCE is entitled to recover its reasonable attorneys' fees pursuant to Section 627.428, *Florida Statutes,* which provides in pertinent part:

> Upon the rendition of a judgment or decree by any of the Courts of this state against an insurer and in favor of any named or omnibus insured or the named beneficiary under a policy or contract executed by the insurer, the trial court or, in the event of an appeal in which the insured or

11

Brooks & Alayon, L.L.P.
4551 Ponce de Leon Boulevard, Coral Gables, Florida 33146
Phone: (305) 221-2110 • Facsimile: (305) 221-5321

beneficiary prevails, the appellate court shall adjudge or decree against the insurer and in favor of the insured or beneficiary a reasonable sum as fees or compensation for the insured's or beneficiary's attorney prosecuting the suit in which the recovery is had.

67. LA GORCE is further entitled to recover prejudgment interest pursuant to Section 627.70131, *Florida Statutes*.

WHEREFORE, LA GORCE demands judgment against QBE for compensatory damages and special damages, together with interest, costs and attorneys' fees under Section 627.428, *Florida Statutes* and other such relief as this Court deems just, equitable and proper.

## JURY DEMAND

LA GORCE demands a trial by jury on all claims, defenses, and issues so triable in this entire case.

Respectfully Submitted,

**ALAYON & ASSOCIATES, P.A.**
4551 Ponce de Leon Boulevard
Coral Gables, Florida 33146
Phone: (305) 221-2110
Fax: (305) 221-5321
Email: ralayon@alayonlaw.com

By: _____
Richard A. Alayon, Esq.
Florida Bar No.: 934290
Christian Walled, Esq.
Florida Bar No.: 0035072